In the Matter of Sebastian J. Navarra, Respondent, v City of New York et al., Appellants.

First Department, January 27, 1983

**APPEARANCES OF COUNSEL**

*Robert H. Berman* of counsel (*Harry Michelson,* attorney), for appellants.

*Michael A. Schwartz* of counsel (*Schwartz & London,* attorneys), for respondent.

**OPINION OF THE COURT**

Lynch, J.

The petitioner in this CPLR article 78 proceeding owns a six-unit multiple dwelling where Jean Levy has occupied a rent-controlled apartment for the past 26 years. Three times the petitioner has tried to wrest the apartment from her. The first was in April, 1978 when he attempted to obtain the Levy apartment allegedly for his own use. The application was denied for a technical reason. In June of that year he tried again, alleging that he and his wife

would use the apartment rather than travel back and forth to their home on Long Island. A certificate of eviction was granted but later rescinded on a finding that the petitioner was not acting in good faith.

The petitioner tried again in December, 1980, alleging then that the apartment would be used by himself, his wife, and his 76-year-old mother who was in deteriorating health, and that he was going to sell his Long Island home. Midway through the hearing he amended his application to allege that the apartment would be used only by his mother and his daughter. Opposing the application, Levy charged that the petitioner was not proceeding in good faith (see New York City Rent and Rehabilitation Law, Administrative Code of City of New York, § Y51-6.0, subd b, par [1]), pointing to his prior attempts to obtain her apartment and to the amendment of the instant application. After hearing evidence, the district rent director granted the petitioner a certificate of eviction.

Levy filed an administrative protest. A staff attorney hearing officer for the rent commissioner was assigned to the case, but he and the attorney for the landlord became involved in a sharp dispute over the scheduling of the conference in the matter. Consequently, the case was assigned to another staff attorney. At the protest conference counsel for the landlord became involved in a dispute with that attorney. When the hearing officer attempted to question the petitioner's mother as to her health and her reasons for relocating, the petitioner's attorney accused the hearing officer of "viciously and maliciously attempt[ing] a cross-examination of a sick, 76 year old woman". He directed his client's mother not to answer any questions that had been asked of her at the proceedings below. He stated that he would put the same restrictions on questions put to his client either by the hearing officer or by Levy's attorney. After this, the only testimony taken was Levy's evidence that there was a vacant apartment on the fifth floor of the building.

To avoid any odor of bias arising from the contention between the latter hearing officer and counsel for the petitioner, the matter was assigned to a third reviewing attorney. He recommended and the rent commissioner

found that the appropriate action was "to strike from the record and from consideration all testimony and evidence submitted by and on behalf of the landlord and his witnesses both at protest and at the District Rent Office level". As a result the commissioner concluded that the landlord had shown neither good faith nor compelling necessity for the certificate of eviction and it was revoked.

The petitioner then commenced this article 78 proceeding to annul the commissioner's determination. He contended that the evidence before the district rent office was sufficient for the grant of the petition and that the commissioner's decision to strike that evidence was arbitrary and capricious. The commissioner responded that its administrative protest procedure is a hearing *de novo* and that the hearing officer was therefore entitled to question the petitioner or his mother on any relevant point whether addressed at the district rent office or not.

Special Term acknowledged that the protest hearing was *de novo*. It found that "[t]he atmosphere at the hearing was permeated by antagonism created in large measure by the conduct of petitioner's counsel". It found, however, that the hearing officer did not permit the petitioner to testify and that this constituted a "fatal flaw" that required granting the article 78 petition to the extent of remanding to the commissioner.

The record does not support Special Term's finding that the hearing officer at the protest did not permit the petitioner to testify. It was the petitioner's attorney who refused to permit his client to testify unless the hearing officer was willing to accede to the rule that the attorney proposed, that is, that questions could be asked only on matters not covered at the district rent office hearing. While the petitioner acknowledges that the protest hearing is *de novo,* the rule sought to be imposed by his attorney would nullify that and would run afoul of the commissioner's regulations. The city's rent control law provides that one disaffected by an order of the respondent agency is entitled to protest it "in accordance with regulations to be prescribed by such agency" (New York City Rent and Rehabilitation Law, Administrative Code, § Y51-8.0, subd a). The regulations adopted by the respondent

agency leave to the rent commissioner the sole discretion to determine what evidence is to be produced at the protest (see New York City Rent and Eviction Regulations, § 97). The petitioner's attorney had the right to instruct his client not to answer the hearing officer's questions but such advice has to be held to have put at risk his client's case. Otherwise, the statute and regulations providing for a *de novo* protest are meaningless.

Judgment, Supreme Court, New York County (SCOTT, J.), entered on April 28, 1982, granting this article 78 petition to the extent of remanding this matter to the rent commissioner for a new hearing, reversed, on the law and the facts, and the petition dismissed, without costs or disbursements.

MURPHY, P. J., and BLOOM, J., concur with LYNCH, J.; ROSS and KASSAL, JJ., dissent and would affirm for the reasons stated by SCOTT, J., at Special Term.

Judgment, Supreme Court, New York County, entered on April 28, 1982, reversed, on the law and the facts, the judgment vacated, and the petition dismissed, without costs and without disbursements.